UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

SHAMSIDDEEN HATCHER,          )
                              )
    Plaintiff,                )
                              )
v.                            )       No.   2:17-CV-69-JRG-MCLC
                              )
WAYNE ANDERSON and GREGG SIMCOX, )
                              )
    Defendants.               )

## MEMORANDUM AND ORDER

Plaintiff Shamsiddeen Hatcher, a former prisoner, brings this pro se civil rights action and proposed class action for declaratory, injunctive, and monetary relief under 42 U.S.C. § 1983, against Sullivan County, Tennessee Sheriff Wayne Anderson and Sullivan County Detention Center ("SCDC") Chief Jailer Gregg Simcox [Doc. 1]. The complaint alleges that Plaintiff's constitutional rights were violated at the SCDC from January 29, 2014, to December 15, 2015 [*Id.*]. Plaintiff further alleges that the rights of similarly situated inmates likewise were violated [*Id.*]. Plaintiff's application to proceed *in forma pauperis* [Doc. 4] reflects that he is penniless; thus, the application [*Id.*] is **GRANTED**.

I.  **PLAINTIFF'S ALLEGATIONS**

According to the allegations in the complaint, Defendants Sheriff and Chief Jailer and all SCDC employees denied Plaintiff various constitutional rights throughout the entire 23-month period that he was confined in the SCDC [Doc. 1]. More specifically, Plaintiff maintains that he was denied the right: (1) to access the courts; (2) to assist in his own criminal defense, thereby denying him his right to self-representation, effective assistance of counsel, and confidential attorney-client communications; (3) to constitutional conditions of confinement; (4) to privacy;

(5) to due process of law; (6) not to be subjected to excessive force; and (7) to send/receive mail, without interference by jail authorities [*Id.*].

For these alleged violations of his rights, Plaintiff asks for unspecified declaratory and injunctive relief and damages in the sum of nine hundred, ninety-nine thousand and nine hundred, ninety-nine dollars ($999,999.00) [*Id.* at 3].

## II.  SCREENING

The Court must screen complaints filed by free world citizens and former prisoners who are proceeding *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (citing 28 U.S.C. § 1915(e)(2), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). Dismissal is required if complaints are frivolous or malicious, if they fail to state a claim for relief, or if they are seeking monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

In performing this task, the Court recognizes that pro se pleadings filed in civil rights cases are construed indulgently and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Even so, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because

the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *See Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

The Court examines the complaint under these guidelines.

## III. LAW AND ANALYSIS

### A. Timeliness of Claims

Plaintiff complains about conditions and treatment to which he was subjected in the SCDC from January 29, 2014, to December 15, 2015. For the purposes of 42 U.S.C. § 1983, state statutes of limitations apply to determine the timeliness of claims. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985), *superseded by statute on other grounds as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-80 (2004). The one-year statute of limitations period contained in Tenn. Code Ann. § 28-3-104(a) applies to civil rights claims arising in Tennessee. *See Berndt v. Tenn.*, 796 F.2d 879, 883 (6th Cir. 1986); *see also Porter v. Brown*, 289 F. App'x. 114, 116, 2008 WL 3838227, at *2 (6th Cir. 2008) ("[O]ur precedent has long made clear that the limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)."). Ordinarily, the statute begins to run when a plaintiff knows or has reason to know of the injury upon which his action is based. *See Eidson v. State of*

*Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 636 (6th Cir. 2007); *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

Plaintiff would have known of any injury he incurred from the violation of his constitutional rights at the SCDC by December 15, 2015, at the latest. This means that Plaintiff would have had one year from that date, i.e., December 15, 2016, to file this instant § 1983 action. Plaintiff filed this case on April 19, 2017 [Doc. 1].

Therefore, the applicable statute of limitations bars his claims, and they are due to be dismissed for failure to state a claim. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (noting that "[i]f the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"). Furthermore, claims that are time-barred under the relevant statute of limitations are frivolous. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

### B. *Heck*-Barred Claim (Access to Courts)

Plaintiff asserts that he was denied access to the courts, which in turn, denied him the rights under the Sixth Amendment to which a criminal accused is entitled. An inmate has a right of access to the courts under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). In order to establish a claim for a violation of this right, Plaintiff must show that Defendant obstructed his efforts to pursue a non-frivolous legal claim regarding his sentence or the conditions of his confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996).

However, it is well settled law that the sole federal remedy for claims relating directly to the fact and duration of an individual's physical confinement, such as would be the case for the access-to-courts claims connected to Plaintiff's criminal conviction, lies in filing a petition for

habeas corpus relief under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). If this Court were to find that Plaintiff was denied the Sixth Amendment rights that attach to a criminal defendant, this finding would undercut the validity of his state criminal judgment. Because this kind of claim cannot be entertained in a civil action, *see Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (referring to "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments"), and because such claims must be brought in a timely habeas corpus application, this allegation fails to state a claim entitling Plaintiff to relief in this civil suit. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim), *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same); *Murray v. Evert*, 84 F. App'x 553, 555 (6th Cir. 2003) (same).

**C.     Class Action**

Finally, Plaintiff requests class action certification. The Court will deny Plaintiff's request because, as a former prisoner who is no longer confined in the SCDC, he lacks standing to file a class action, alleging violations of the rights of currently confined SCDC prisoners. *See Walters v. Edgar*, 163 F.3d 430, 432–33 (7th Cir. 1998) ("Certification of a class action comes after the suit is filed, so if the named plaintiffs lacked standing when they filed the suit, there were no other party plaintiffs to step into the breach created by the named plaintiffs' lack of standing; and so there was no case when class certification was sought.").

Even if Plaintiff had shown that he has standing to litigate his case as a class action, a lawsuit cannot be certified as a class action unless the four prerequisites set forth in Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161

(1982)). The prerequisites in Rule 23(a) are: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). A plaintiff bears the burden of showing that the requirements for class certification have been met. *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1191 (2013) ("To obtain certification of a class action for money damages under Rule 23(b)(3), a plaintiff must satisfy Rule 23(a)'s above-mentioned prerequisites of numerosity, commonality, typicality, and adequacy of representation[.]"). Plaintiff has not borne his burden.

Plaintiff has not defined the proposed class, beyond stating that he is seeking to assert the violations of the rights of "similarly situated" inmates. *See* Fed. R. Civ. P. 23(c)(1)(B) (providing that a class certification must define the class). Plaintiff who is not an inmate and is not confined is not similarly situated to inmates who presently are incarcerated in the SCDC. Nor has Plaintiff alleged any of the four prerequisites for class certification. Furthermore, this case is being dismissed sua sponte, given the deficiencies discussed above. *Loe v. Wilkinson*, 604 F.Supp. 130, 132 (M.D. Pa. 1984) (denying class certification where Plaintiff failed to address class certification requirements in his complaint and where his case would be dismissed).

## IV. CONCLUSION

Based on the above law and analysis, this case will be **DISMISSED** for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii); *Smith v. Bernanke*, 283 F. App'x 356, 357-58 (6th Cir. 2008) (affirming dismissal of non-prisoner complaint under 28 U.S.C. § 1915(e)(2)) (citing to *McGore*, 114 F.3d at 607). Plaintiff's request for class certification will be **DENIED**.

In addition to the above, the Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a)(3) and now **CERTIFIES** that any appeal from this action would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3).

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

                                                            s/J. RONNIE GREER
                                          UNITED STATES DISTRICT JUDGE